IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOHAMEDEL BAL,<br>    Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III, *Attorney General of the United States, et al.*,[1]<br>    Defendants. | CIVIL ACTION NO. 16-5619 |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                                    November 13, 2017

       Plaintiff Mohamedel Bal has been living in the United States as an asylee for nearly twenty years. He initiated this action against Defendants Jefferson B. Sessions, III, Attorney General of the United States, John F. Kelly, Secretary of Homeland Security, James McCament, Acting Director of the United States Citizenship and Immigration Services ("USCIS"), Jennifer Higgins, USCIS Associate Director (Refugee, Asylum, and International Operations Directorate), and Susan Raufer, Director of the USCIS Newark Asylum Office (collectively "the Government"), in connection with the recent termination of his asylum status.[2] Before the Court are Plaintiff's motion for summary judgment and Defendants' motion to dismiss or in the alternative for summary judgment. Because the Court lacks jurisdiction over the complaint, Defendants' motion to dismiss will be granted.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Jefferson B. Sessions, III, is substituted as a defendant for former Attorney General Loretta Lynch, John F. Kelly is substituted for former Secretary of Homeland Security Jeh C. Johnson, James McCament is substituted for former USCIS Director Leon Rodriguez, and Jennifer Higgins is substituted for former USCIS Associate Director (Refugee, Asylum, and International Operations Directorate) Joseph Langlois.

[2] The parties contest whether Plaintiff's asylum status was "terminated" or "rescinded." Federal regulations, however, explain procedures for only "termination" of an individual's asylum status. *See* 8 C.F.R. § 208.24(c) (describing procedures to be followed before an individual's asylum status is terminated). Therefore, whenever possible, the Court will use this term.

## I. BACKGROUND

The relevant facts are not disputed by the parties. Plaintiff is a citizen and national of Mauritania.[3] In 1994, he flew to Baltimore, Maryland, where he entered the United States without inspection.[4]

On March 3, 1997, he applied for asylum with the United States Immigration and Naturalization Service ("INS")[5] under the name Oumar Thiam.[6] However, Plaintiff's application was denied and he was placed in removal proceedings. Although Plaintiff renewed his application in the removal proceedings, the immigration judge concluded that the application was properly denied, and ordered Plaintiff to be removed from the United States.[7] On June 28, 1998, Plaintiff filed a notice of appeal to the Board of Immigration Appeals ("BIA").[8] This appeal was ultimately denied on September 4, 2001, for Plaintiff's failure to file a brief.[9]

However, while the BIA appeal was pending, Plaintiff filed a second asylum application under the name Mohamedel Bal. On September 17, 1998, after reviewing this second application, an asylum officer interviewed Plaintiff, found him credible, and granted his application for asylum.[10] As a result of the two applications, Plaintiff was assigned two alien registration numbers: A073-608-793 (Oumar Thiam) and A075-965-670 (Mohamedel Bal).[11]

More than fifteen years later, on May 14, 2014, Plaintiff arrived at John F. Kennedy

---

[3] Compl. at ¶ 4.

[4] Mot. to Dismiss at 3.

[5] The United States Immigration and Naturalization Service ("INS") was the predecessor to the United States Citizenship and Immigration Services ("USCIS").

[6] Mot. to Dismiss at 3.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 5.

[10] *Id.* at 4.

[11] Compl. at ¶ 6.

Airport after returning from overseas travel and attempted to enter the country. Customs and Border Protection officers working under the Department of Homeland Security ("DHS") determined Plaintiff had two alien registration numbers and went by both Thiam and Bal. Although the officers admitted Plaintiff to the United States as an asylee, they also referred him to the Newark Asylum Office for "review and possible termination of status."[12]

On October 5, 2015, the Newark Asylum Office sent to Plaintiff a "Service Motion to Reconsider Grant of Asylum,"[13] which stated that his grant of asylum under the name Bal was being terminated. Since Plaintiff was already in removal proceedings under the name Thiam when his second asylum application under the name Bal was submitted, the Newark Asylum Office explained that it never had jurisdiction to consider the second application.[14] The Service Motion afforded Plaintiff "45 days to provide in writing any rebuttal argument . . . in response to the intended decision of USCIS to rescind your grant of asylum."[15]

Plaintiff timely filed a written response, arguing that the Service Motion was defective because it provided no evidence to support its decision, was never properly served on the BIA, and never provided Plaintiff with an interview before its issuance.[16] Despite these arguments, the Newark Asylum Office terminated Plaintiff's grant of asylum on July 20, 2016.[17]

Three months later, Plaintiff filed suit against the Government in this Court.[18] Thereafter, he moved for summary judgment, arguing that as a matter of law, DHS did not have the authority to terminate his asylum status, and in the alternative, DHS failed to follow

---

[12] Mot. to Dismiss at 5 (citation omitted); Compl. at ¶ 7.

[13] Compl. at ¶ 8.

[14] *Id.*

[15] *Id.* (internal quotation marks and citation omitted).

[16] *Id.* at ¶¶ 9-13.

[17] *Id.* at ¶ 14.

[18] *See id.*

mandatory notice and hearing regulations before terminating his grant of asylum. After Plaintiff filed his motion for summary judgment, and not before, the Government commenced removal proceedings by serving Plaintiff with a notice to appear, "charging him as removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(A) as an alien who at the time of admission was inadmissible under [8 U.S.C. §] 1182(a)(6)(C)(i), as an alien who procured an immigration benefit, *viz.* asylum, through fraud."[19] The Government then moved to dismiss the complaint for lack of jurisdiction, or in the alternative for summary judgment.

## II. LEGAL STANDARD

A defendant may move to dismiss a civil action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[20] The plaintiff, then, bears the burden of establishing subject matter jurisdiction.[21] In considering the 12(b)(1) motion, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[22] A court may "make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction."[23] If the Court determines that it lacks subject matter jurisdiction, Federal Rule of Civil Procedure 12(h)(3) requires dismissal.[24]

## III. ANALYSIS

As a preliminary matter, the Court must determine its jurisdiction to decide this matter. Plaintiff contends the Court has jurisdiction to review the termination of his asylum status under

---

[19] Mot. to Dismiss at 6.

[20] Fed. R. Civ. P. 12(b)(1).

[21] *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

[22] *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977) (citations omitted).

[23] *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008) (citation omitted).

[24] Fed. R. Civ. P. 12(h)(3).

4

the Administrative Procedures Act ("APA").[25] "To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary."[26] An agency action is considered "final" when the action: (1) "mark[s] the consummation of the agency's decision-making process,"[27] and (2) is one "from which legal consequences will flow."[28] "If there remain steps that the immigrant can take to have an action reviewed within the agency, then the action is not final and judicial review is premature."[29]

While the Third Circuit has not addressed whether termination of asylum status constitutes final agency action, the Fifth Circuit has held that such action is not final, but is instead "an intermediate step in a multi-stage administrative process."[30] For example, when the Government terminates asylum status, the asylee becomes subject to removal.[31] Before being removed, however, he may contest the charges of removability and request that the decision to terminate his asylum status be reconsidered before an immigration judge.[32] The immigration judge may decide that termination of the individual's asylum status is appropriate after providing notice of the intent to terminate, and affording the asylee an opportunity to present evidence

---

[25] Section 702 of the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. Moreover, Section 704 of the APA states that a "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704.

[26] *Pinho v. Gonzalez*, 432 F.3d 193, 200 (3d Cir. 2005).

[27] *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citation omitted).

[28] *Id.* (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)) (internal quotation marks omitted).

[29] *Pinho*, 432 F.3d at 200.

[30] *Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011). The Sixth Circuit also concluded that "[t]ermination of refugee status and denial of a status adjustment application are intermediate steps in the removal of an alien, and not the consummation of the agencies' decisionmaking on the alien's immigration status." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 496 (6th Cir. 2014).

[31] *See* 8 C.F.R. § 208.24(e) ("When an alien's asylum status . . . is terminated . . . the Service shall initiate removal proceedings, as appropriate"); s*ee also* 8 U.S.C. § 1229a(e)(2) ("The term 'removable' means. . . (B) in the case of an alien admitted to the United States, that alien is deportable under section 1227 of this title.").

[32] *See* 8 U.S.C. § 1229a(b)(4) (discussing removal proceedings generally, and an alien's rights in a removal proceeding in particular).

showing that he is still eligible for asylum.[33]  If the immigration judge rejects the asylum claim and orders removal, he may appeal to the BIA, and if still unsuccessful in obtaining relief there, he may seek judicial review in the appropriate circuit court of appeals.[34]

Here, termination of Plaintiff's asylum status is not a final agency action, but rather is "an intermediate step" that has been followed by removal proceedings.  Further administrative relief is available to Plaintiff in the now pending removal proceeding before the immigration judge,[35] and if unsuccessful, through an appeal to the BIA[36] and a petition to the Third Circuit.  Thus, termination of Plaintiff's asylum status is not a final agency action, and this Court lacks subject matter jurisdiction.

**IV. CONCLUSION**

In conclusion, Defendants' motion to dismiss will be granted, and Plaintiff's motion for summary judgment will be dismissed.  An appropriate order follows.

---

[33] 8 C.F.R. § 208.24(c) provides:
> Prior to the termination of a grant of asylum or withholding of deportation or removal, the alien shall be given notice of intent to terminate, with the reasons therefor, at least 30 days prior to the interview specified in paragraph (a) of this section before an asylum officer. The alien shall be provided the opportunity to present evidence showing that he or she is still eligible for asylum or withholding of deportation or removal. If the asylum officer determines that the alien is no longer eligible for asylum or withholding of deportation or removal, the alien shall be given written notice that asylum status or withholding of deportation or removal and any employment authorization issued pursuant thereto, are terminated.

[34] *See* Mot. to Dismiss at 8 (citing 8 C.F.R. § 1003.1(b)(3), (9) & 8 U.S.C. § 1252(a)(5)).

[35] Plaintiff contends that the Third Circuit's ruling in *Pinho* establishes this Court's jurisdiction over the case.  Resp. to Mot. to Dismiss at 6-9.  In *Pinho*, the Third Circuit held a decision to deny the plaintiff's immigration adjustment status, which was made by the Bureau of Immigration and Customs Enforcement's Administrative Appeals Office, was a final agency action subject to judicial review because there were no removal proceedings pending where the plaintiff could reopen or challenge the agency's action. *Pinho*, 432 F.3d at 202. The critical difference between the facts in *Pinho* and this case is that Plaintiff here is currently in removal proceedings, where he can challenge the agency's decision to terminate his asylum status before an immigration judge, and if necessary, the BIA and the appropriate circuit court of appeals.  Thus, contrary to his assertion, the *Pinho* decision cannot establish jurisdiction over this case because there has been no final agency action.

[36] In light of Plaintiff's arguments, there is a concern that his claims will not be addressed through the administrative channels.  The Court, however, relies on the immigration judge, and the BIA if necessary, to consider the issues presented in this case to determine whether Plaintiff should be afforded relief. *See* 5 U.S.C. § 704 (any "preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." ).